MARSHALL *v.* CASPER.

4-7805                                              193 S. W. 2d 479

Opinion delivered March 11, 1946.

Rehearing denied April 22, 1946.

Appellant *pro se.*

*J. Bruce Streett,* for appellee.

GRIFFIN SMITH, Chief Justice. For many years Mrs. L. Marshall has taught shorthand and typing at Camden. She sued Sarah Bird Casper for $185, alleging that as a student work had been done at irregular periods aggregating thirty-seven weeks, and that the charge was $5 per week. On Mrs. Casper's contention that she did not attend school during any substantial portion of the time mentioned in the complaint, that whatever she owed had been paid, and that if not paid the claim was barred by limitation, the jury found against Mrs. Marshall, and she has appealed, and is acting for herself without aid of an attorney. An inappropriate reply brief has been filed which we disregard upon the assumption that Mrs. Marshall is not familiar with the Court's rules and that her intemperate expressions (unsustained by any proof) were made in the sense that the argument was personal rather than judicially informative.

The suit was filed August 16, 1941. An attached statement for the item of $185 heretofore mentioned was

that services began in 1936 and continued until September 1, 1938, and that the obligation was due October 1, 1938.

Whether Mrs. Casper did, or did not, attend school thirty-seven weeks is a matter we are not authorized to reëxamine. The jury found in favor of non-liability, and there is substantial evidence to sustain the verdict, except as to $30.

Appellee admitted she was a student in 1938, and that she (appellee) and her mother told Mrs. Marshall they were not then in a position to pay, ". . .. and [that] we didn't know when we would be able to pay her; and she said it was all right, we would go to work that day."

Mrs. Marshall testified the arrangement was that a fourth of the amount due as tuition would be payable when appellee procured a remunerative position, and the balance in installments.

Appellee's contention is not that the statute of limitation barred this particular item—although the statute was generally pleaded—but that the thirty dollars was paid appellant by appellee's mother. On cross-examination Mrs. Casper conceded she did not see the payment made, but had been told by her mother that the debt had been discharged. When Mrs. Casper testified to what her mother had repeated, the evidence was objected to as hearsay. Clearly it was, and this so-called evidence of payment should have been excluded. There is no substantiation of the $30 payment other than what Mrs. Casper says her mother told her; hence Mrs. Marshall's testimony could not be arbitrarily disregarded, even though (she being an interested party) it is not treated in law as undisputed.

The judgment must be affirmed in so far as it absolves Mrs. Casper from paying $155 of the $185 claim, but it is reversed and judgment is given here in favor of Mrs. Marshall for $30.