Gwendolyn RICHARDS *v.* Charles L. DANIELS, Director of Labor, and LUXORA ELEMENTARY SCHOOL

E 80-265                                             615 S.W. 2d 399

Court of Appeals of Arkansas
Opinion delivered May 13, 1981

*Phillip J. Duncan*, for appellant.

*Herrn Northcutt*, for appellees.

Tom Glaze, Judge. This appeal arises from a denial of unemployment benefits. The claimant was a kindergarten teacher with the Luxora Elementary School for seven years. In May, 1980, the claimant did not renew her contract to teach due to problems she was experiencing with her co-workers.

At the hearing held on October 1, 1980, before the Employment Security Appeal Tribunal, the claimant appeared in her own behalf and no one appeared on behalf of the employer. According to the claimant, she chose not to

renew her .contract because elementary principal and the other kindergarten teachers were operating as a clique, and the uncomfortable situation was more than the claimant could bear. She indicated that the problem began three years before when the teachers passed around a petition against the superintendent, and the claimant refused to sign it. She testified that thereafter the principal and the teachers failed to notify her of meetings, failed to give her messages, failed to assist her when she had problems with runaway students and scheduled her rest break at the end of the school day. Additionally, she related the principal sent cards to the superintendent which contained one-sided, bad reports about the claimant.

The claimant spoke to the superintendent on several occasions about the pressure she was under from this clique. For three years, the claimant made timely requests to be transferred to another grade, but the superintendent refused her requests because she was best qualified for the position as a kindergarten teacher. He was also unable to resolve the conflict between the claimant and the other members of the faculty.

The only evidence on behalf of the employer was a statement in the file which reflected a telephone conversation with some unnamed person at the school. The statement indicated that the claimant had voluntarily quit her job and had not asked the superintendent to move her to another position. We recognize hearsay to be admissible in hearings before administrative tribunals, but we have previously held that hearsay alone is not substantial evidence. *Woods* v. *Daniels*, 269 Ark. 613, 599 S.W. 2d 435 (Ark. App. 1980); *J. P. Price Lumber Company* v. *Daniels*, 270 Ark. 297, 604 S.W. 2d 579 (Ark. App. 1980). This unidentified hearsay statement is the only evidence in the record which refutes the claim that the conditions at work were such that the claimant could not continue to work there.

In *Parker* v. *Ramada Inn & Daniels*, 264 Ark. 472, 572 S.W. 2d 409 (1978), the Supreme Court held that the failure of an employer to appear or present evidence does not entitle a claimant to a default, and the Board of Review may

base a disqualification on the claimant's testimony alone. We agree with the holding in *Parker*, but we conclude the instant case is distinguishable. The only evidence on behalf of the employer is hearsay which we have held not to be substantial evidence. All other evidence presented to the Board supports an award of benefits to the claimant. In *Parker*, the claimant's own testimony was relied on by the Board of Review and provided a factual basis on which it denied benefits. Here, we find nothing in the testimony given by the claimant which would be evidence to support a denial of benefits, and neither the Appeal Tribunal nor the Board apparently relied on any part of her testimony to deny benefits. In fact, the Appeal Tribunal specifically found that "the reasons she gave for quitting are considered as such to have given her no other reasonable recourse than to quit her job." This finding was adopted by the Board of Review. Although claimant's testimony, as a matter of law, may be controverted, we are unable to say it is on the record before us. Although it is not argued by counsel or indicated in the Board's opinion, we are mindful that an occasion may exist when the Board may choose tol disbelieve a claimant's testimony. The rule has been long established that it is not arbitrary for a fact finder to disregard testimony of a party it does not believe, if there is any basis for its disbelief. *E. C. Barton & Company* v. *Neal*, 263 Ark. 40, 562 S.W. 2d 294 (1978).[1] If the Board in reaching its decision had decided to disregard claimant's testimony, we are unable to find *any* evidence on which the Board could form its disbelief. Certainly, such disbelief must be based on something more than suspicion or speculation.

In conclusion, the entire record reflects that the claimant quit her job for good cause after making an effort to preserve her job rights by requesting a transfer within the school system. Good cause has been defined by this court as a cause which would reasonably impel the average able-bodied, qualified worker to give up his or her employment. It is dependent not only on the reaction of the average employee, but also on the good faith of the employee involved. Another element in determining good cause is

---

[1] Also cited as *Eudora Lumber Company* v. *Neal & Jones.*

whether the employee took appropriate steps to prevent the mistreatment from continuing. See *Teel* v. *Daniels*, 270 Ark. 766, 606 S.W. 2d 151 (Ark. App. 1980).

We hold, based upon the record before us, that this claimant had good cause for voluntarily quitting her job with this employer, and she quit only after making reasonable efforts to resolve the conflict she was presented with. We necessarily conclude that there is no substantial evidence to affirm the Board's decision to deny benefits to the claimant. We, therefore, reverse with directions to award her unemployment benefits.

Reversed.

MAYFIELD, C.J., concurs.

CORBIN, J., dissents.