Thelma BUTLER *v.* DIRECTOR OF LABOR and
BORG-WARNER CORPORATION

E 80-162                              624 S.W. 2d 448

Court of Appeals of Arkansas
Opinion delivered December 2, 1981

*James R. Cromwell* and *Don K. Barnes,* for appellant.

*Thelma Lorenzo,* for appellees.

MELVIN MAYFIELD, Chief Judge. This is an appeal from
the denial of unemployment benefits.

The appellant was employed as a machine operator by
Borg-Warner Corporation in Blytheville, Arkansas. On
October 8, 1979, her foreman noticed appellant's arms were
swollen and took her off the job telling her to go see a doctor.
The next day she went to see her doctor in Kennett, Missouri,
where she resided. Kennett is about thirty miles from
Blytheville.

After treating appellant for several weeks, the doctor referred her to a neurosurgeon who subsequently hospitalized her. She was in Methodist Hospital in Memphis, Tennessee, from January 1 to January 12 of 1980, and was discharged from the hospital with a final diagnosis of lumbar disc syndrome. Appellant was told to maintain strict bed rest at home with her progress to be followed by the doctor in his office. She testified she was released to return to work on February 1, 1980.

In the meantime, appellant had been notified that her employment was terminated effective December 6, 1979. So when released to return to work she did not have a job and on February 5 she filed for unemployment benefits. Her claim was denied on the basis that she voluntarily quit her job due to illness and did not make reasonable efforts to preserve her job rights as required by Ark. Stat. Ann. § 81-1106(a) (Supp. 1981). We think that decision is supported by substantial evidence.

The only evidence in the record is the testimony of appellant plus a nineteen-page exhibit furnished by her and which contains several different items. The first item is a letter addressed to appellant dated November 7, 1979, from Linda Oldman, Personnel Supervisor of Borg-Warner. The letter states that their records indicate appellant's leave of absence expired November 4, 1979, and "we must hear from you by 11-12-79 stating your leave status. If your doctor has extended your leave, you must supply us with a written medical statement verifying the time length of the extension." And the next item in the exhibit is a letter from Linda Oldman telling appellant that she is terminated effective December 6, 1979, for "failure to report in after medical leave expired."

Appellant, however, testified that she answered the employer's November 7 letter and explained that she was still under the doctor's care and would be back to work as soon as she was able. In addition, according to appellant's testimony, the doctor's nurse told appellant that she had sent Borg-Warner information about appellant's condition on November 5, December 4, and December 6.

Even though appellant was the only witness at the hearing, the testimony of a party cannot be taken as undisputed. However, such testimony cannot be arbitrarily disregarded; there must be some basis for disbelieving it. *Marshall* v. *Casper,* 209 Ark. 876, 193 S.W. 2d 479 (1946); *Richards* v. *Daniels,* 1 Ark. App. 331, 615 S.W. 2d 399 (1981). In this case we agree with the appellee that appellant's own testimony, and the items contained in the exhibit furnished by her, reveal sufficient basis for the board to discredit her testimony.

Four pages of the exhibit consist of notes on a form headed "Doctor's Order Sheet" — obviously made in the office of appellant's doctor in Kennett. The notes start on April 13, 1979, (prior to the occasion when appellant was taken off the job). They make several references to "back strain" and a notation on June 20 states "letter sent to Borg-Warner." Another notation, eight days later, says "letter sent to Borg-Warner stating time off from 6/2/79 to 7/13/79." And on October 23, 1979, there is an entry that reads "wrote letter to Linda at Borg-Warner con. Thelma." But despite the fact that there are notations up to May of 1980, there are no notations of any information sent to Borg-Warner in November or December of 1979.

Also, appellant admitted that she received the November 7, 1979, letter from Linda Oldman informing her that her leave had expired and they must hear from her by November 12. The referee asked what she did when she got the letter and she replied that she was upset and *called* her nurse and asked her to get in touch with Linda. But later in appellant's testimony she testified that she had also answered this letter by writing a letter herself and said the reason she did not call her employer was "I didn't have a phone at that time."

We do not regard these discrepancies as too slight to rely upon. Absent appellant's testimony that she wrote her employer and her testimony that the nurse told her that the nurse had furnished information to the employer, there is no evidence that there was any reply to the employer's letter of November 7, 1979. The appellant was disqualified for

benefits if she failed to make reasonable efforts to preserve her job rights. This was a question of fact for the board to decide and we think there is substantial evidence to support its decision.

Affirmed.