Tony RAMSEY *v.* William F. EVERETT, Director
of Labor, and PROTECTION, INC.

E 82-148                                644 S.W.2d 621

Court of Appeals of Arkansas
Opinion delivered January 12, 1983

*Dan Harmon,* for appellant.

*Thelma Lorenzo,* for appellee.

TOM GLAZE, Judge. This is an Employment Security case in which the claimant contends that insufficient evidence existed for the Board of Review to find that claimant's actions constituted misconduct within the meaning of Ark. Stat. Ann. § 81-1106 (b) (2) (Repl. 1976). Because of our recent holding in *Mark Smith* v. *Everett*, 6 Ark. App. 337, 642 S.W.2d 320 (1982), review denied January 10, 1983, we must remand this case for further proceedings before we can dispose of claimant's argument in this appeal.

We note that *Mark Smith* was decided when the instant case was on appeal.

In *Mark Smith* v. *Everett, supra,* the Board of Review reversed the Appeal Tribunal's award of benefits, basing its decision primarily upon an affidavit submitted to the Board by the employer after the Appeal Tribunal decision. We reversed the Board and remanded for a hearing consistent with *Leardis Smith* v. *Everett,* 276 Ark. 430, 637 S. W.2d 537 (1982), in which the Supreme Court said that benefits cannot be denied unless a claimant has an opportunity to confront and cross-examine adverse witnesses at an evidentiary hearing. We further held in *Mark Smith* v. *Everett, supra,* that the Board of Review is without jurisdiction to accept additional evidence in appeals pending before it.

Here, as in the *Mark Smith* case, the Appeal Tribunal found for the claimant after both the claimant and a representative of the employer testified at a hearing. On appeal from the Appeal Tribunal's decision, the employer and the claimant submitted additional evidence to the Board. The employer submitted letters and copies of business records to support its position that claimant was fired for misconduct in connection with the work. Much of this new evidence contained matters never presented at the Appeal Tribunal level. The claimant and his wife subsequently wrote letters refuting this new evidence. In reversing the Tribunal's award of benefits, the Board in its findings referred to statements submitted by the employer for the first time on appeal. Thus, we must assume that the Board based its decision upon the new evidence — a practice prohibited by our holding in *Mark Smith* v. *Everett.*

We therefore reverse the Board's decision and remand consistent with our holding and directions in *Mark Smith* v. *Everett, supra.*

Reversed and remanded.