Rosalee HOBBS *v.* Dewey STILES, Director of Labor, and
O.K. FOODS, INC.

E 85-76                                        705 S.W.2d 900

Court of Appeals of Arkansas
Division I
Opinion delivered March 19, 1986

*Parker and Parker*, by: *Wayland A. Parker, II*, for
appellant.

*George Wise, Jr.*, for appellees.

TOM GLAZE, Judge. Appellant seeks reversal of the Board of Review decision finding that her appeal to the Board was filed in an untimely manner and that she had failed to show the late filing was due to circumstances beyond her control. We affirm.

Appellant first argues her appeal was filed timely. On March 22, 1985, the appeal referee issued his opinion denying appellant benefits, and at the same time, appellant was notified she had twenty days, or until April 11, 1985, to appeal the decision. Within the twenty-day period, appellant admits she went to the "unemployment office" to discuss the tribunal's decision and before leaving, she obtained an appeal form captioned "Petition for Appeal to the Board of Review." While she concedes she failed to file this petition-for-appeal form until after the April 11th deadline, appellant argues that on April 10th she had filed three letters with the tribunal and the Board erroneously failed to consider those letters as her notice of appeal. We cannot agree.

The letters upon which appellant relies were written by others on appellant's behalf; they make no mention of an appeal, and at most, the letters can be characterized as additional evidence that the appellant filed with the tribunal in an attempt to reverse the tribunal's decision. Even if a notice of appeal had been filed, such letters are the type evidence the Board cannot consider for the first time in any appeal to it. *See Ramsey* v. *Everett, Director*, 7 Ark. App. 120, 644 S.W.2d 621 (1983). Accordingly, we must conclude the Board's findings that appellant's letters did not constitute an appeal notice and that her appeal was untimely are supported by substantial evidence.

Next, we consider appellant's contention that no substantial evidence exists to support the Board's finding that she had failed to show that the untimeliness of her appeal was due to circumstances beyond her control. Again, we must disagree. In *Paulino* v. *Daniels*, 269 Ark. 676, 599 S.W.2d 760 (Ark. App. 1980), this Court held that reasons for late filing involve fact issues to be determined by the Board of Review and not this Court on appeal. Here, appellant testified to certain personal and economics hardships, and said, "so I had some problems during that period of time trying to think of things when I needed to think of them." However, she concedes that she obtained her appeal

form within the twenty-day period during which she was required to file it. In fact, while appellant testified that she had misplaced the form, she admitted she waited a week before mailing it after she had relocated the form. Appellant also indicated she had intended to include the appeal form with the three letters she mailed to the appeal tribunal on April 10, 1985. Of course, her testimony cannot be taken as undisputed. *Butler* v. *Director of Labor*, 3 Ark. App. 229, 624 S.W.2d 448 (1981).

■ From the evidence presented, the Board could have reasonably concluded the appellant had either forgotten or decided belatedly to appeal the tribunal's decision. Either way, the appellant had duly discussed the adverse decision with someone at the Employment Security Division and obtained an appropriate form to appeal that decision. If she had acted diligently, appellant could have easily filed a timely appeal, but she simply failed to do so. We cannot say the Board erred in finding appellant did not prove her late appeal was due to circumstances beyond her control.

Affirmed.

CRACRAFT, C.J., and COOPER, J., agree.