WILLIAMS, Judge.
In this appeal Edward Roberson seeks judicial review of an administrative agency’s decree, affirmed by the district court, that he is not entitled to unemployment compensation under LSA-R.S. 23:1471, et seq. Roberson was fired for the alleged misconduct of refusing to obey a work order by his employer, Beaird-Poulan, Inc.
Claimant was employed as a common laborer and at the time of his misconduct was charged with not shoveling dirt. When Roberson made his initial claim for unemployment benefits at the Department of Employment Security, he signed a statement which contained the following' declarations :
“I was terminated from my job at Beaird-Poulan on about 4 — 12-71 by Paul (?), superintendent, because I refused to shovel dirt as instructed by Mr. Hartman, leadman. Mr. Hartman had told Mr. Smith, worker in coal room, to shovel the dirt first and Mr. Smith refused to do it. Mr. Hartman then told me to do it. I told him that I would do it if Mr. Smith would also do it, but I wouldn’t do it by myself. I refused to shovel the dirt because Jim Campbell, foreman, had told me that all of the people worked together shoveling the dirt and handling the molds. I had been shoveling dirt all morning and Mr. Smith had not shoveled any. Since I had been told that we were all supposed to help shovel the dirt, I didn’t think it was fair to let Mr. Smith refuse and then make me do it. I continued shoveling the dirt I was already working on and about 4 or 5 minutes later Paul (?) came and asked what the problem was. When I told him I didn’t think it was fair, he took me to the Personnel Office. . . . ”
His only reason for not performing an assigned duty was because he “didn’t think it was fair”.
The Department of Employment Security refused to allow Roberson unemployment compensation. Roberson appealed to the Appeals Referee, but failed to appear at the scheduled hearing. The Referee waited 15 minutes and then declared a decision would be rendered from the records in the file. These records reveal the only evidence of Roberson’s misconduct is his unsworn signed statement given to the agency claim interviewer, which has been made a part of this record. Here he admits not following orders. This statement is an admission by Roberson as a party to this suit and as such is acceptable evidence. Therefore, by Roberson’s own admission he would not follow orders and this constituted misconduct. The Appeals Referee’s decision was the evidence in the record manifested no justification for reversing or modifying the determination of the lower agency. The Board of Review and District Court affirmed this decision.
This appeal was then perfected by Roberson. LSA-R.S. 23:1634 states:
“In any proceeding under this Section the findings of the board of review as to the facts, if supported by sufficient evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the *192 court shall be confined to questions of law. ...”
Thompson v. Brown, 163 So.2d 868 (2d Cir. 1964) declared LSA-R.S. 23:1634 “limits a judicial review of the administrative agency’s determination to questions of law where such determination is supported by sufficient evidence. Evidence in this respect denotes legal and competent evidence. ...”
Claimant Roberson is not entitled to unemployment compensation. The evidence in the record sufficiently proves his misconduct and he has offered no other evidence for its disproof.
The judgment of the trial court is affirmed and all costs cast to appellant.