Michael HODGES *v.* PRODUCERS RICE MILL,
Stuttgart, Arkansas, and Charles L. DANIELS,
Director of Labor

E 80-3                                    603 S.W. 2d 479
Court of Appeals of Arkansas
Opinion delivered September 10, 1980

*Norman M. Smith*, for appellant.

*Herrn Northcutt*, for appellees.

GEORGE HOWARD, JR., Judge. This is an appeal from a decision of the Board of Review affirming the denial of

benefits under the Arkansas Employment Security Law, Ark. Stat. Ann. § 81-1106(b) (Repl. 1976) on the grounds that claimant was discharged from his last work for misconduct in connection with the work.

On October 17, 1979, claimant sustained an injury on the job and was permitted by his foreman to check with his personal physician. Claimant returned to his place of employment and advised his foreman that his physician had recommended hospitalization for surgery and that claimant would be hospitalized for a period not exceeding six weeks.

On Thursday, November 15, 1979, claimant's physician released claimant to return to work and gave claimant a written statement to this effect. Claimant did not report to work either Thursday or Friday of that week, but reported for work on Monday, November 19, 1979, when claimant was dismissed by his foreman on the grounds that he had missed two days of work without contacting his employer.

We are persuaded that there is not sufficient evidence to support the decision of the Board of Review and accordingly, we reverse the Board of Review.

Claimant testified that he did not return to work on Thursday or Friday because he was realizing intense and excruciating pain from his hemorrhoid operation as a consequence of bowel movement; that in order to get relief, he got in his "bathtub and was soaking" as he had been instructed by his physician. Moreover, claimant testified that he was released to return to work providing "if I was able to."

It is undisputed that the employer was advised before claimant was hospitalized that claimant would be confined from four to six weeks. It is apparent that the employer was not misled or suffered irreparable harm because of the lack of notice of claimant's whereabouts. Moreover, it is clear that appellant was released at least two weeks sooner than his doctor had anticipated. The employer did not appear for the hearing before the Appeals Tribunal and, consequently, the testimony of the claimant stands uncontradicted.

We hold that misconduct which precludes benefits under the Employment Security Law contemplates wilful or wanton disregard of an employer's interest as is manifested in the deliberate violation or disregard of those standards of behavior which the employer had a right to expect from his employees. The evidence falls far short of showing that claimant in this case wilfully failed to return to work on Thursday or Friday during the week of November 12, 1979. *See:* 146 A.L.R. 243.

Reversed and remanded.