DELTIC FARM AND TIMBER CO., INC.
*v.* Lonnie DUNN and
Charles L. DANIELS, Director of Labor

E 80-53                                    605 S.W. 2d 471
Court of Appeals of Arkansas
Opinion delivered September 24, 1980

*James E. Baine*, for appellant.

*Herrn Northcutt*, for appellees.

DAVID NEWBERN, Judge. In this employment security benefits appeal, the appellant-employer contends insufficient consideration was given to the testimony of the employer's representative before the appeals tribunal. The testimony of

the employer's representative was admittedly hearsay with respect to the facts surrounding the employee's dismissal for misconduct. The appeals tribunal held for the employer. The board of review reversed because it found the evidence was not sufficient to establish disqualifying misconduct within the meaning of *Ark. Stat. Ann.*, § 81-1106(b) (Repl. 1976).

There was a sharp conflict between the testimony before the appeals tribunal of the employee and the employer's representative with respect to the circumstances surrounding an incident which precipitated the discharge. We agree with the board of review's determination that there was substantial evidence to support the employee's position. Although we had not decided the case of *Wood* v. *Employment Security Division et al.*, 269 Ark. 613, 599 S.W. 2d 435 (Ark. App. 1980), at the time this case was before the board of review, the principle we announced there applies here. In the face of direct evidence to the contrary, we will not accept as "substantial evidence" the testimony of a company representative who has no direct knowledge of relevant facts.

The appellant claims that this case was improperly remanded to the appeals tribunal by the board of review to obtain testimony of the claimant. No authority restricting the authority of the board in this respect is cited. The appellant also contends the referee should have informed the company that his testimony was hearsay and thus insubstantial. We are unaware of any such requirement, and although the referee should feel free to answer procedural questions posed by the parties before him, we question whether the function of the referee should be to suggest to the parties the evidence which should be presented by them. The appellant does not suggest it was in any way prevented from presenting more direct evidence.

Affirmed.

Steele Hays, Judge, dissenting. Claimant was discharged for excessive absenteeism and for failing to appear for work on October 27, 1979, a Saturday. An Agency determination denied unemployment benefits to the claimant on the basis of

Section 5 (b) (1) and claimant appealed to the Appeal Tribunal. Claimant failed to appear at the hearing scheduled for December 5, 1979, and the Appeal Tribunal affirmed the Agency determination.

Claimant appealed from the Appeal Default Notice and the matter was remanded to the Appeal Tribunal for another hearing. Claimant and a representative from the employer appeared at the second hearing and testimony was taken. The employer testified the claimant was discharged for two reasons: excessive absenteeism, 17 days, and failure to appear for work on October 27, 1979.

The testimony of the claimant corroborated the testimony on behalf of the employer on significant points, nevertheless, for reasons not fully explained the Board of Review reversed the Appeal Tribunal and upheld the claim, commenting that the employer's evidence was "related on hearsay."

Some of the testimony on behalf of the employer may have been hearsay, however, the claimant does not deny the charge that he was absent 17 days during the preceding year — in fact, he admits it. The Board of Review makes no mention of this undisputed evidence, which in my view is more than sufficient to support the decision of the Appeal Tribunal, but concentrates on the dispute over the incident of October 27, the more insignificant of the two grounds for discharge. The employer's testimony was that the claimant was one of three employees in the shipping department and that two men were needed on October 27. One of the three, Robert Baxter, was excused to attend the funeral of a member of his family and, thus, the claimant and John Eason were expected to work. Eason appeared and the claimant failed to appear. The claimant's testimony in regard to his failure to appear cannot be credited, even from a printed record. He contends that he made the arrangements with Baxter to appear in order that he, claimant, could go squirrel hunting, notwithstanding the funeral arrangements of Baxter's family. A scrutiny of the claimant's testimony demonstrates the absence of credibility. One rule often recited in worker's compensation cases is that if the reviewing court is convinced

that fairminded individuals could not have reached the conclusion arrived at by the commission, the case should be reversed. *Purdy Flower Shop* v. *Livingston*, 262 Ark. 575, 559 S.W. 2d 24 (1977). That principle is made applicable to the review of appeals in unemployment insurance claims by *Harris* v. *Daniels*, 263 Ark. 897, 567 S.W. 2d 954 (1978), and on that premise I would reverse.