Leardis SMITH *v.* William F. EVERETT, Director of Labor, and ODUS PACK CARPET SALES

E 81-200                                   629 S.W. 2d 309

Court of Appeals of Arkansas
Opinion delivered March 3, 1982
[Rehearing denied April 7, 1982.*]

*MAYFIELD, C.J., COOPER and GLAZE, JJ., would grant the petition.

*Katherine D. Ehrenberg,* Central Ark. Legal Services, and *James R. Cromwell,* UALR Law School Legal Clinic, for appellant.

*Thelma Lorenzo* and *Bruce H. Bokony,* for appellees.

LAWSON CLONINGER, Judge. This is an appeal from a decision by the Board of Review that the claimant, Leardis Smith, was disqualified for unemployment benefits under the provisions of § 5 (b) (2) of the Arkansas Employment Security Law, Ark. Stat. Ann. § 81-1106 (b) (2) (Repl. 1976), on the finding that he was discharged from his last work for misconduct involving dishonesty.

Claimant contends that the decision of the Board of Review was not based upon evidence taken in such a manner as to ascertain his substantial rights, and that there is no substantial evidence to support the finding.

We affirm the decision of the Board of Review.

Ark. Stat. Ann. § 81-1107 (d) (4) (Repl. 1976) provides that the Board of Review shall not be bound by common law or statutory rules of evidence or by technical rules of procedure, but that the hearing or appeal shall be conducted in such manner as to ascertain the substantial rights of the parties.

In *Bockman* v. *Arkansas State Medical Board,* 229 Ark. 143, 313 S.W. 2d 826 (1958), the Arkansas Supreme Court stated:

> Although the evidence consists of affidavits and certified copies of court decisions, it was nevertheless competent. This is not a criminal prosecution, in which the accused is entitled to be confronted by the witnesses against him. It is an administrative proceeding, civil in nature, as to which the governing statute provides: 'The Board shall not be bound by strict or technical rules of evidence, but shall consider all evidence fully and fairly...' Ark. Stat. § 72-614. ...Affidavits are frequently used in quasi-judicial proceed-

ings, as in hearings before the Workmen's Compensation Commission; there is no constitutional objection to this method of proof in a civil proceeding. . . .

Claimant, a carpet salesman for Odus Pack Carpet Sales, was accused by his employer of selling carpet to a customer, Ray Brown, for less than its true value in return for a kickback from Brown. Odus Pack, the employer, stated by sworn affidavit that the company had given Brown money with which to make the purchase from claimant because of a suspected previous act of dishonesty by claimant. Ray Brown stated, also by sworn affidavit, that he had purchased the carpet from claimant for less than its true value and had paid claimant $40.00 as a kickback. A Pack employee appeared at the hearing and testified that she was the one who gave the money to Brown to pay the kickback, and another employee identified the ticket which was written up for the Brown sale. The ticket bears the initials of claimant, but claimant denies that he prepared the ticket or initialed it.

In *Parker* v. *Ramada Inn,* 264 Ark. 472, 572 S.W. 2d 409 (1978), the claimant was discharged for missing one day's work after having worked seven consecutive days. The employer did not respond to inquiries from the Employment Security Division and did not appear at the hearing. The court held that the findings of the Board of Review are conclusive on appeal if supported by substantial evidence, and that the court could not, as a matter of law, say that appellant's conduct was not a violation of a standard of behavior that his employer had a right to expect.

In *Woods* v. *Daniels,* 269 Ark. 613, 599 S.W. 2d 435 (Ark. App. 1980), this court held that although hearsay evidence is admissible in hearings before an administrative tribunal, hearsay alone does not constitute substantial evidence. The court held that the claimant made a prima facie case showing that he had been forced to leave his job to protect his health, and that the only evidence offered by the employer was offered by company employees who had no personal knowledge of the circumstances. This court reaffirmed the position taken in *Woods* in *Deltic Farms and*

*Timber Company* v. *Dunn,* 270 Ark. 421, 605 S.W. 2d 471 (Ark. App. 1980), ruling that "in the face of direct testimony to the contrary, we will not accept as 'substantial evidence' the testimony of a company representative who has no knowledge of relevant facts."

In the case before the court it is not questioned that Ray Brown and Odus Pack had direct knowledge of relevant facts; their affidavits were objected to because the claimant contended that he had a right to confront and cross examine witnesses against him. There is no constitutional objection to this method of proof in administrative hearings, and the Board was not bound by strict rules of evidence. *Bockman* v. *Arkansas State Medical Board, supra.* Claimant's substantial rights were ascertainable by the procedure followed: the affidavits were under oath; claimant was afforded an opportunity to reply to the affidavits, and he responded to both; and the evidence given in the affidavits was corroborated by the testimony of the employees who appeared at the hearing.

We hold that the procedure followed protected the substantial rights of claimant, and that the decision of the Board of Review is supported by substantial evidence.

Affirmed.

MAYFIELD, C.J., and COOPER and GLAZE, JJ., dissent.