Leardis SMITH *v.* William F. EVERETT, Director
of Labor, and ODUS PACK CARPET SALES

82-69                                          637 S.W.2d 537

Supreme Court of Arkansas
Opinion delivered July 6, 1982

*Katherine D. Ehrenberg* of *Central Arkansas Legal Services,* and *James R. Cromwell* of *UALR Law School Legal Clinic,* for petitioner.

*Thelma Lorenzo* and *Bruce H. Bokony,* for respondents.

RICHARD B. ADKISSON, Chief Justice. The Employment Security Division denied unemployment benefits to petitioner, Leardis Smith, after finding that he was discharged for dishonesty. After a hearing on the issue the Appeals Tribunal reversed, based on an affidavit of a customer submitted by the employer and the testimony of petitioner and two character witnesses. The Board of Review then reversed the Appeals Tribunal and denied unemployment benefits, basing its decision on a review of the record and an additional affidavit submitted by the employer. The Court of Appeals affirmed. *Smith* v. *Everett, Director of Labor, et al.,* 4 Ark. App. 197, 629 S.W.2d 309 (1982). We granted certiorari to review the legal basis of the Court of Appeals' decision in affirming the Board of Review.

Petitioner first argues that the Board of Review's denial of benefits was not supported by substantial evidence because the only direct evidence proving that petitioner was dishonest was by affidavit. Petitioner relies on *Woods* v. *Daniels,* 269 Ark. 613, 599 S.W.2d 435 (Ark. App. 1980) which held that hearsay alone was not substantial evidence. However, the *Woods* decision is contrary to the decision of this Court in *Bockman* v. *Arkansas State Medical Board,* 229 Ark. 143, 313 S.W.2d 826 (1958), where we held that although the evidence consists of affidavits and certified copies of other decisions it was nevertheless competent and constituted substantial evidence to support the Board's findings. To the same effect see *Richardson* v. *Perales,* 402 U.S. 389 (1971).

Petitioner next argues for reversal that he was denied due process of law because he did not have the opportunity to subpoena or to cross-examine adverse witnesses. Ark. Stat. Ann. § 81-1107 (d) (4) (Repl. 1976) sets out the manner in

which proceedings before the Appeals Tribunal and Board of Review shall be conducted:

> (4) Procedure. The Board of Review, appeal tribunals and special examiners shall not be bound by common law or statutory rules of evidence or by technical rules of procedure, but any hearing or appeal before such tribunals shall be conducted in such manner as to ascertain the substantial rights of the parties. . . .

The United States Supreme Court, in interpreting the rights of an individual in adjudicatory administrative proceedings, has held that before state granted benefits (welfare) can be taken away the claimant must be given an opportunity to confront and cross-examine adverse witnesses at an evidentiary hearing. *Goldberg* v. *Kelly,* 397 U.S. 254 (1970). *See also Hannah* v. *Larche,* 363 U.S. 420 (1960) and *Richardson* v. *Perales, supra.*

Here, petitioner had no opportunity to subpoena and cross-examine adverse witnesses either at the hearing before the Appeals Tribunal or at the proceeding before the Board of Review. Although the notice informing him of the hearing date before the Appeals Tribunal stated that upon his request witnesses could be subpoenaed, at that time he did not know who the adverse witnesses would be. Petitioner did know who the adverse witnesses were by the time his case was reviewed by the Board of Review; however, he was informed by the Board that a second hearing would not be held and that only affidavits could be submitted.

It is clear that petitioner has not had an opportunity to subpoena and cross-examine witnesses as required by the above cited cases setting forth the minimum requirements for due process of law. Therefore, we reverse the Court of Appeals and remand to the Board of Review for a hearing consistent with this opinion pursuant to Ark. Stat. Ann. § 81-1107 (d) (7) (Repl. 1976).

Reversed and remanded.

HICKMAN, J., concurs.

DARRELL HICKMAN, Justice, concurring. I agree with the result reached in this case because of the peculiar facts involved. Leardis Smith was accused of dishonesty by his employer and the officer who actually heard the testimony found that the proof was insufficient to prove that dishonesty. Smith's employer only submitted an affidavit. He did not appear. The Board of Review asked for more evidence and at this hearing another affidavit was submitted by the man who allegedly made the dishonest transaction with Smith. So we have a situation where a man is accused of being dishonest and never has the opportunity of confronting his accuser. Certainly I believe that any administrative agency should be able to consider hearsay, but in this case that rule breaks down and denies Smith a meaningful hearing granted by the due process clause of the United States Constitution. I would point out that one of the problems in review of administrative cases such as this is that the Board of Review is a fact finding agency but they rarely hear witnesses. They simply review the record. In this case it was their role to decide the credibility of the witnesses and they never heard any witnesses. On the basis of affidavits alone they decided Smith lied and was dishonest.