Orin YOUNG *v.* William F. EVERETT, Director
of Labor, and H & P APPRAISAL

E 82-67                                    641 S.W.2d 39

Court of Appeals of Arkansas
Opinion delivered November 3, 1982

*Daniel D. Becker,* for appellant.

*Bruce Bokony,* for appellees.

LAWSON CLONINGER, Judge. The Arkansas Board of
Review denied unemployment benefits to claimant under
the provisions of Section 5 (a) of the Arkansas Employment
Security Act, on the grounds that claimant quit his last work
without good cause. The Board also found that his base
period wages should be reduced 25% under Section 3 (h) of
the Act.

On this appeal, claimant contends that his resignation
was with good cause because of the breach of the employ-
ment agreement by the employer. We agree with claimant's
contention.

Claimant was employed as a residential field appraiser
for H & P Appraisal in Garland County. When the em-
ployer's work was finished in Garland County, some of the
employees were given employment, with expenses paid,
when the employer's operation was moved to Howard

County. Other employees, including claimant, were offered a job in Howard County but were told that the employer would not pay their out-of-town expenses. Claimant testified that at the time he was hired the employer agreed to provide expenses for any change in location of the job site.

Claimant worked one day in Howard County, by agreement with the employer, to see what his expenses would be. Claimant resigned when he discovered that his wages would not cover his expenses. The only testimony to refute the evidence presented by claimant was a telephone conversation between the employer and an employee of the Employment Security Division. In that conversation, the employer stated that there had been no agreement regarding out-of-town expenses when claimant was hired.

The telephone conversation between the employer and the Agency employee was hearsay, and does not constitute substantial evidence to support the decision of the Board.

In *Smith* v. *Director of Labor*, 276 Ark. 430, 637 S.W.2d 537 (1982), the Arkansas Supreme Court held that hearsay evidence *may* constitute substantial evidence, but the court did not say that *any* hearsay would do so. The same conclusion was reached in *Bockman* v. *Arkansas State Medical Board*, 229 Ark. 143, 313 S.W.2d 826 (1958), relied upon in *Smith* v. *Director*, but in *Bockman* the evidence which the court found to be substantial consisted of affidavits and certified copies of court decisions.

Under these facts the reported telephone conversation does not rise to the dignity of substantial evidence, and since that item of evidence was the only evidence upon which the Board could have based its decision, we must hold that claimant is entitled to benefits.

Reversed.

MAYFIELD, C.J., concurs.

MELVIN MAYFIELD, Chief Judge, concurring. I agree with the majority that there is no substantial evidence in this

case to support the decision of the Board of Review. My reason for agreeing is based upon the fact that there is no showing of when or how the employer's statement got into the record and upon the fact that neither the appeals referee nor the board even mentioned the statement in their decisions.

I recognize, however, that the Supreme Court of Arkansas has held that hearsay evidence alone may constitute substantial evidence. *Smith* v. *Everett,* 276 Ark. 430, 637 S.W.2d 537 (1982). Therefore, my agreement to reverse is limited to the facts in this case.