David SWAN *v.* Dewey STILES, Director of Labor

E 84-158                                          696 S.W.2d 765

Court of Appeals of Arkansas
Division II
Opinion delivered September 25, 1985

*Jan Dewoody Scussel*, Legal Services of Arkansas, for appellant.

*Allan Pruitt*, for appellee.

JAMES R. COOPER, Judge. The central issue on appeal in this unemployment compensation case is whether there is substantial evidence to support the Board of Review's finding that the appellant employee was discharged from his job for provoking a fight with a co-worker. For the reasons enumerated below, we affirm.

The appellant applied for unemployment benefits several days after he was discharged for fighting on the job. The Employment Security Division denied his claim for benefits on a finding that he was disqualified under the provisions of Ark. Stat. Ann. Section 81-1106(b)(2) (Repl. 1976), which disqualifies a claimant from receiving benefits where he has been discharged for misconduct in connection with the work on account of willful violation of the employer's rules or customs pertaining to the safety of fellow employees. The Appeal Tribunal heard further evidence and affirmed the agency's finding that the appellant was fired for provoking a fight with a fellow worker. The Board of Review affirmed the tribunal's decision. From that decision, comes this appeal.

On appeal, the appellant contends first that there is no substantial evidence in the record supporting the finding that he was discharged for misconduct in connection with the work. He contends that he struck his co-worker in self-defense. Alternatively, the appellant contends that all the evidence introduced by the employer was hearsay which, according to his argument, cannot constitute substantial evidence. We find no merit to either argument.

Substantial evidence is such relevant evidence that a reasonable mind might accept as adequate to support the conclu-

sion reached. *Victor Industries* v. *Daniels*, 1 Ark. App. 6, 611 S.W.2d 794 (1981). The function of this court is to determine whether substantial evidence is present in the record to support the decision made by the Board. Hearsay evidence can constitute substantial evidence in unemployment compensation cases. *Leardis Smith* v. *Everett*, 276 Ark. 430, 637 S.W.2d 537 (1982); *Farmer* v. *Everett*, 8 Ark. App. 23, 648 S.W.2d 513 (1983).

In the case at bar, the employer's evidence consisted of notarized statements signed by other employees stating that the appellant had provoked the fight, as well as oral testimony from the employer's bookkeeper (who admittedly had no first hand knowledge of the fight). She testified that the appellant had been cursing and threatening co-workers for several weeks before the fight and that the employer had cautioned the appellant that he would be discharged if his abusive conduct continued. We hold that this evidence constituted substantial evidence which supports the Board's decision.

The appellant also argues that the admission of hearsay in the record violated his right to confront and cross-examine adverse witnesses. In addressing that issue, this Court, in *Farmer* v. *Everett, supra*, specified two requirements which must be met before the admission of hearsay evidence will not violate a claimant's right to confront and cross-examine adverse witnesses: (1) a party must have an opportunity to know what evidence is being considered; and (2) a party must have the right to a rehearing for the purpose of giving that party the opportunity to subpoena and cross-examine adverse witnesses.

In the case at bar, the appellant knew what evidence was being considered. A statement signed by the appellant approximately thirty days prior to the Appeal Tribunal hearing acknowledged that the appellant knew the employer claimed to have fired him for fighting with a co-worker. The employer's bookkeeper testified before the Appeal Tribunal as to the reasons underlying the appellant's discharge, and it was she who offered the notarized statements into evidence. The appellant had the right to petition the Board to remand the matter to the Appeal Tribunal to allow him the opportunity to cross-examine opposing witnesses. Instead, the appellant obtained counsel and appealed the adverse decision to the Board. Thus, the issue raised before

this Court was never presented to the Board, although the appellant had the opportunity to do so.

Affirmed.

CLONINGER and CORBIN, JJ., agree.