John EDWARDS *v.* Dewey STILES, Director of Labor, and PAPCO Corporation

E 86-174                                    743 S.W.2d 12

Court of Appeals of Arkansas
Division I
Opinion delivered January 20, 1988

*J. Vernon Walker*, Central Arkansas Legal Services, for appellant.

*Allan Pruitt*, for appellee.

BETH GLADDEN COULSON, Judge. Appellant raises two points for reversal in this Employment Security appeal from a decision by the Board of Review. Under our standard of review, we can find no error and therefore affirm.

On May 27, 1986, appellant, John Edwards, filed a claim for unemployment benefits noting that his last date of employment with his last employer, appellee PAPCO Corporation, was May 16, 1986. He indicated on the form that he had been discharged from his job and was given "no reason." On July 22, 1986, his claim for benefits was denied by an initial determination of the Arkansas Employment Security Division, under Section 5(b) of the Arkansas Employment Security Law, for misconduct in connection with work.

Appellant filed an appeal with the Appeal Tribunal, which conducted a hearing on August 21, 1986. Appellant appeared *pro se*, but appellee PAPCO was not present. The Appeal Tribunal reversed the initial agency determination on the grounds that PAPCO had "altered the hiring agreement by altering the hours of work assigned to the claimant" and that appellant was therefore not discharged for misconduct within the meaning of Section 5(b) and consequently was entitled to benefits.

In a letter dated September 10, 1986, appellee PAPCO's assistant manager, Max Manasco, explained that he did not attend the hearing because he remained in his office waiting for what he believed was to be a conference call. Manasco stated that "We disagree with your decision that this employee is entitled to benefits. His foreman instructed him to do work for which he was hired and he refused to take these orders." On September 12, 1986, the Board of Review remanded the case to the Appeal Tribunal for further testimony "from all interested parties."

Another hearing was held before the Appeal Tribunal on October 8, 1986, at which appellant again appeared *pro se* and appellee was represented by Manasco and general manager Jim Martin. On November 5, 1986, the Board of Review reversed the decision of the Appeal Tribunal, concluding that appellant was

discharged for misconduct and was not entitled to benefits. From that decision this appeal arises.

■ In his first argument for reversal, appellant contends that the Board of Review abused its discretion by remanding the case to the Appeal Tribunal for the submission of additional testimony from representatives from appellee PAPCO. As appellant points out, the standard notice from the Appeal Tribunal states that:

> In the event you have new evidence to present, you must set out this evidence in a written statement. YOU MUST STATE WHY THE EVIDENCE WAS NOT PRESENTED AT THE APPEAL TRIBUNAL HEARING AND HOW IT RELATES TO YOUR CASE.

Appellant insists that appellee PAPCO failed to set out any additional evidence in a statement as required and that the Board of Review therefore abused its discretion in ignoring the requirements for appeal. However, the letter dated September 10, 1986, in which appellee PAPCO's assistant manager, Max Manasco, explained the reason for his absence from the Appeal Tribunal's hearing, was not in any sense a proffer of new evidence. Instead, Manasco stated appellee's disagreement with the Tribunal's decision. The Board of Review, in remanding the case, was merely acting within the bounds of its discretion to obtain testimony it considered necessary for a complete development of the record and an informed decision on the part of the Appeal Tribunal.

The discretion allowed the Board is articulated in Ark. Stat. Ann. § 81-1107(d)(3) (Supp. 1985): "Upon review on its own motion or upon appeal, the Board, on the basis of evidence previously submitted in such case, or upon the basis of such additional evidence as it may direct be taken, may affirm, modify or reverse the findings and conclusions of the appeal tribunal or may remand the case." This statutory language clearly provides the basis for the Board's action in the present case. We can find no evidence of an abuse of discretion.

■ Appellant's second point for reversal is that there was no substantial evidence that appellant was discharged for misconduct in connection with his work. In an appeal of an employment security case, findings of fact by the Board of Review are deemed

conclusive if they are supported by substantial evidence. Ark. Stat. Ann. § 81-1107(d)(7) (Supp. 1985); *Terry Dairy Products Co., Inc.* v. *Cash*, 224 Ark. 576, 275 S.W.2d 12 (1955). Substantial evidence is valid, legal, and persuasive evidence, *i.e.*, such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Victor Industries Corp.* v. *Daniels*, 1 Ark. App. 6, 611 S.W.2d 794 (1981). Whether the findings of the Board of Review are supported by substantial evidence is a question of law, and, on appeal, we may reverse a finding of the Board of Review which is not supported by substantial evidence. *St. Vincent Infirmary* v. *Arkansas Employment Security Division*, 271 Ark. 654, 609 S.W.2d 675 (Ark. App. 1980).

▮▮▮▮ Appellant asserts that the only evidence in the record to support the Board's decision is hearsay testimony by Max Manasco. Neither the Appeal Tribunal nor the Board of Review, however, are bound by common law or statutory rules of evidence. Ark. Stat. Ann. § 81-1107(d)(4) (Supp. 1985); *Bockman* v. *Arkansas State Medical Board*, 229 Ark. 143, 313 S.W.2d 826 (1958). Hearsay evidence can constitute substantial evidence in unemployment compensation cases, but the claimant must be given the opportunity to subpoena and cross-examine adverse witnesses at some stage of the proceedings. *Haynes* v. *Director of Labor*, 19 Ark. App. 71, 719 S.W.2d 437 (1986). When the claimant does not request another hearing in order to cross-examine witnesses whose hearsay statements have been received in evidence, he effectively waives his right of cross-examination, and due process requirements are not violated. *Id.; Farmer* v. *Everett*, 8 Ark. App. 23, 648 S.W.2d 513 (1983).

The record reveals that Manasco, testifying at the hearing on behalf of appellee PAPCO, stated that on the day appellant was discharged, appellant was cleaning up storage shacks. The foreman, Ervin Smith, had an inadequate supply of water on the water truck, and Manasco instructed him to have appellant assist him on the water truck to get more water. When Smith ordered appellant to help him on the water truck, Manasco said, appellant replied that he would not work on the water truck unless he had somebody to help him clean the shacks. Smith again said that he needed appellant on the water truck, and, according to Manasco's testimony, appellant refused to work on the water truck and

walked off and resumed cleaning the shacks. Smith reported the incident to Manasco, who terminated appellant.

■■ Appellant was allowed the opportunity to cross-examine Manasco; indeed, he corrected the witness's account, noting that another employee, Eddie Sledge, was delegated the task of informing appellant that he was fired and of escorting him to the plant gate. Appellant also had the opportunity to give his version of the events that led to his termination. According to appellant's testimony, he was fired because his transportation schedule would not permit him to work an extra half-hour in the morning and an extra half-hour in the evening loading the water trucks. The Board of Review had before it testimony from both appellant and appellee on the cause of dismissal. The hearsay testimony offered by Max Manasco was subject to appellant's cross-examination. We are limited, in reviewing an employment security case, to determining whether the Board could reasonably reach its results upon the evidence before it, even when there is evidence upon which we might have reached a different conclusion had we made the original determination upon the same evidence considered by the Board. *Harris* v. *Daniels*, 263 Ark. 897, 567 S.W.2d 954 (1978). We find, upon reviewing the record, that the Board was reasonably able to reach its results from the evidence presented to it. Although appellant attempted to portray the exchange between Smith and himself as a misunderstanding, we believe that the Board could reasonably conclude that appellant's refusal to work on the water truck when ordered constituted "misconduct in connection with the work" under Ark. Stat. Ann. § 81-1106(b)(1) (Supp. 1985).

■ The term "misconduct in connection with the work," though not statutorily defined, was discussed at length in *Nibco, Inc.* v. *Metcalf*, 1 Ark. App. 114, 613 S.W.2d 612 (1981), where we observed that in the Arkansas cases "misconduct" involves:

> (1) disregard of the employer's interests, (2) violation of the employer's rules, (3) disregard of the standards of behavior which the employer has a right to expect of his employees, and (4) disregard of the employee's duties and obligations to his employer.

1 Ark. App. at 118, 613 S.W.2d at 614. The Board, which found appellant disqualified for unemployment benefits because he

refused to follow his employer's orders to work on the water truck, could reasonably have applied any of the four criteria of misconduct to appellant's actions.

Affirmed.

CRACRAFT and MAYFIELD, JJ., agree.