# GRACE DRILLING COMPANY *v.* DIRECTOR OF LABOR and Gary Ramsey

E 89-31                                      790 S.W.2d 907

Court of Appeals of Arkansas
Division I
Opinion delivered May 2, 1990

*Friday, Eldredge & Clark,* by: *Oscar E. Davis, Jr.,* for appellant.

*Bruce H. Bokony,* for appellee.

DONALD L. CORBIN, Chief Judge. Appellant, Grace Drilling Company, appeals a decision of the Arkansas Board of Review which found that appellee, Gary Ramsey, was entitled to benefits under Section 5(b)(1) of the Arkansas Employment Security Law, Arkansas Code Annotated Section 11-10-514(a)(1) (Supp. 1989), finding he was discharged from his last work for reasons other than misconduct connected with the work. We reverse.

Appellee was employed by appellant as a driller for approximately nine years prior to being discharged for failing a drug screening test by testing positive for cannabinoid, the principal marijuana metabolite. After being discharged, appellee filed for and was granted unemployment benefits by the Arkansas Employment Security Division. Appellant appealed to the Appeals Tribunal which reversed the Agency's decision and denied appellee benefits. On appeal to the Board of Review, the decision of the Appeals Tribunal was reversed. The Board allowed appellee benefits after finding that the evidence failed to establish that he was intoxicated at work, therefore, his discharge was for reasons other than misconduct connected with his work.

Appellant raises two points for reversal which will be consolidated for purposes of this appeal. Essentially, appellant contends that there is no substantial evidence to support the Board's decision. In an appeal of an employment security case, findings of fact by the Board of Review are deemed conclusive if

they are supported by substantial evidence. *Edwards* v. *Stiles*, 23 Ark. App. 96, 743 S.W.2d 12 (1988). Whether an employee's actions constitute misconduct in connection with work sufficient to deny unemployment benefits is a question of fact for the Board. *Sadler* v. *Stiles*, 22 Ark. App. 117, 735 S.W.2d 708 (1987). Whether the findings of the Board of Review are supported by substantial evidence is a question of law, and, on appeal, we may reverse a finding of the Board of Review which is not supported by substantial evidence. *Edwards*, 23 Ark. App. at 100, 743 S.W.2d at 14.

Arkansas Code Annotated Section 11-10-514(a)(1) (Supp. 1989) provides that an individual shall be disqualified for benefits if he is discharged from his last work for misconduct in connection with the work. This court has stated that in order for an employee's action to constitute misconduct so as to disqualify him, the action must consist of deliberate violation of the employer's rules, acts of wanton or willful disregard of the standard of behavior which the employer has a right to expect of his employees. *Exson* v. *Everett*, 9 Ark. App. 177, 656 S.W.2d 711 (1983). *See also Feagin* v. *Everett*, 9 Ark. App. 59, 652 S.W.2d 839 (1983). This court has stated that mere inefficiency, unsatisfactory conduct, failure of good performance as a result of inability or incapacity, inadvertence, ordinary negligence or good faith error in judgment are not considered misconduct for unemployment benefit purposes unless they are of such a degree of recurrence as to manifest culpability, wrongful intent, evil design, or intentional disregard of an employer's interest. *Arlington Hotel* v. *Employment Security Division*, 3 Ark. App. 281, 625 S.W.2d 551 (1981).

The record reveals that in 1987 appellant developed a national safety program, part of which involved drug screening of employees on a random basis. The policy prohibited its employees from possessing or being under the influence of alcohol, drugs, controlled substances, drug paraphernalia or any combination thereof, on any of its facilities. The policy defines "under the influence" as:

> [b]eing unable to perform work in a safe and productive manner, being in physical or mental condition which creates a risk to the safety and well-being of the individual,

other employees, the public, or Company property; or having any detectable level of alcohol, drugs or controlled substances, or any combination thereof, in the body.

The policy expressed appellant's interest in the safety and well-being of all its employees and stated its objective as doing all possible to provide a safe work site. Pursuant to this policy, appellee was terminated June 20, 1988, after failing a drug screening test administered on a random basis by a corporate drug screening officer.

Terry Lovegrove, office manager for appellant, testified that the program was initiated due to the high accident rate and risk factors relating to the nature of the drilling business and the desire to ensure the safety of the drilling crews. He acknowledged that at the time the policy was implemented, employees were given the option of signing the agreement or being discharged. It was undisputed that appellee's job performance had been satisfactory and his dismissal was wholly predicated upon the positive drug test. Appellee testified that he agreed to be bound by the terms of appellant's drug testing policy which he read and signed. He further acknowledged that he was aware that a positive test for a controlled substance could result in his immediate termination. Appellee denied actually smoking marijuana yet admitted that he had been in an automobile on numerous occasions with individuals who were smoking. It is well settled that the determination of credibility of witnesses and the drawing of inferences is for the Board and not this court. *W.C. Lee Constr.* v. *Stiles,* 13 Ark. App. 303, 683 S.W.2d 616 (1985).

Due to the dangerous nature of the drilling industry it was not unreasonable for appellant to implement a drug policy. The issue of drug testing in the work environment presents public policy considerations, the import of which cannot be minimized. The evidence establishes that appellant's policy clearly prohibited being under the influence of illegal drugs on its premises. It further provides that any positive result for drug testing may result in immediate discharge from employment. In part, the stated objective of the policy is to assist in maintaining a safe working environment for its employees.

Pursuant to the definition set out above an employee could be under the influence by being unable to perform work

safely thereby creating a risk to himself, others, or property; *or* having any detectable level of alcohol or drugs in the body. Our review of the record reveals that appellee's positive test result is sufficient to satisfy that portion of the definition prohibiting any detectable level of drugs in the body. This action constitutes misconduct which disqualifies him from benefits as it represents a deliberate violation of appellant's rules and willful and wanton disregard of the standard of behavior which appellant had a right to expect of appellee, its employee. Based on the foregoing, there is no substantial evidence to support the Board of Review's finding that appellee was discharged for reasons other than misconduct in connection with his work.

Reversed.

Cooper and Mayfield, JJ., agree.