Betty LOFTIN, Ruth WALLIS, Shirley CASEY,
Maurdiece PASSMORE, Linda DREWRY and
Glenda HENSLEY *v.* Charles DANIELS, Director,
Arkansas Department of Labor et al

CA 79-228                            594 S.W. 2d 578
Court of Appeals of Arkansas
Opinion delivered February 13, 1980
Released for publication March 5, 1980

*John B. Driver,* for petitioners.

*Herrn Northcutt,* for respondents.

M. STEELE HAYS, Judge. This is a collective appeal by six claimants to unemployment insurance benefits. The claims were severally denied by the agency, Appeals Tribunal and the Board of Review upon findings that claimants were ineligible for benefits under the provisions of 4(c) of the Arkansas Employment Security Act. The decision reached by the Board of Review was that although unemployed, the claimants were not making a reasonable and realistic effort to secure work and were not available for work within the meaning of the act. Section 4(c) reads in part:

> Such worker is unemployed, physically and mentally able to perform suitable work, and is available for such work. Mere registration and reporting at a local employment office shall not be conclusive evidence of ability to work, availability for work, or willingness to accept work unless the individual is doing those things which a reasonably prudent individual would be expected to do to secure work.

Claimants contend that they have made reasonable efforts to find work elsewhere and the issue on review is whether the decisions of the Board of Review are supported by substantial evidence, as it is our duty to affirm unless substantial evidence is lacking. *Terry Dairy Products Company, Inc.* v. *Carsh, Commissioner of Labor,* 224 Ark. 576 (Ark. App. 1979).

The underlying facts are similar in connection with each claimant, all of whom are employees of Ozark Opportunities of Harrison, Arkansas, working in the Headstart Program. Claimants have worked in the program in some cases in excess of ten years as teachers, child development workers or as cooks and the program operated on a twelve month basis until two years ago when a lack of funds necessitated a reduction to 8 ½ months per year. The current year is the second year of reduced operation and claimants are not paid during the months the program is not in operation. Each claimant testified to some three or four direct contacts seeking employment, although claimants candidly acknowledged that they

expected to return to the Headstart Program in September, or as soon as recalled. Each claimant acknowledged that she was subject to being recalled during the summer for workshops of the Headstart Program, as in the past years.

On the basis of the evidence we are unable to say that the determination of the board of Review is not supported by substantial evidence. A number of circumstances weigh toward that result: a) The claimants are subject to recall at any time for workshops; b) The claimants are subject to return to the program at the end of the summer; c) The Ozark Opportunities assumes that claimants are part of its staff and, we infer, is relying on them to return to the program, making no effort to replace them. In short it is clear that a mutual expectation is present — Ozark Opportunities expects these claimants to return to their jobs in September and claimants expect those jobs to be available to them. Notwithstanding the contact with various prospective employers, it is reasonable to conclude that so long as that tie of expectation exists between these claimants and the Headstart Program, any meaningful effort to find work elsewhere is not likely to occur and, therefore, we find that the decision of the Board of Review that claimants are not available for work within the meaning of the act is supported by substantial evidence.

Compensation of wage earners who, like these claimants, experience regular amd prolonged interruption in employment with consequential loss of earnings, seems to come within the spirit of the Arkansas Employment Security Act as defined in Ark. Stat. Ann. § 81-1101, "Declaration of State Public policy." Involuntary unemployment, even where temporary, is as burdensome to those affected as the interruption of income to those who become unemployed in more conventional fashion. However, it is apparent the relationship between the employer and the claimants in the present case is such as effectively to limit the opportunities of claimants to find and accept other employment during the summer months when the Headstart Program is not operating. Regardless of our perception of the overall spirit of the act, we are required to interpret its specific language, and we hold these employees are not "available" for work in view of

the Board of Review finding that their circumstances limit their availability.

Finally and parenthetically there is some intimation in this record (although clearly not an issue before us) that some regional offices of the Arkansas Employment Security Division are affording benefits to Headstart employees during summer lay-offs. We have no way to gauge the accuracy of such information but profess that it would be puzzling to find that some claimants are receiving benefits while other are being denied.

Affirmed.