## Beverly HAYWOOD et al *v.* William F. EVERETT, Director of Labor

E 81-287                                      633 S.W.2d 395

### Court of Appeals of Arkansas
### Opinion delivered May 26, 1982

*Central Arkansas Legal Services,* by: *James R. Cromwell,* for appellant.

*Bruce H. Bokony,* for appellee.

LAWSON CLONINGER, Judge. This is an appeal by six claimants from a determination by the Board of Review that claimants are ineligible for unemployment benefits under § 4 (c) of the Arkansas Employment Security Act, Ark. Stat. Ann. § 81-1105 (c) (Repl. 1976), on a finding that they were not fully able and available for suitable work.

We reverse the decision of the Board of Review.

All the claimants were employees of the Jefferson County Headstart Program, and they had worked in the program for periods varying from two school years to eleven. Each earned minimum wage, or slightly higher, and each worked until May, 1981, when the school year ended. Claimants had not been told that one or all of them would be called back to the Headstart Program when the new school year began, but the record indicates that they hoped to be recalled. Over the years a pattern had developed that the employees would be advised about the third week in August when to report. All the claimants, except Ivory Lockhart,

who did not appear at the Tribunal hearing, testified that they had not worked during the program's summer recess in any previous years, and all reported that they had looked for work during those recesses. Ivory Lockhart testified by affidavit, but she did not refer to work in previous summers. Each claimant testified that she had searched for work, and would have accepted work at or near minimum wage.

In *Loftin* v. *Daniels*, 268 Ark. 611, 594 S.W.2d 578 (Ark. App. 1980), the claimants were also employees of a Headstart Program and were laid off without pay for the summer recess. The court held that the employees were not "available" for work in view of the Board of Review finding that their circumstances limited their availability. The court found "a tie of expectation" between the Headstart Program and the claimants; an expectation on the part of the program that the claimants would return and an expectation on the part of the claimants that their jobs would be available to them; that as long as that mutuality of expectation existed no meaningful effort to find work elsewhere was likely to occur.

There are notable differences in the circumstances in *Loftin* and in the present case: In *Loftin* the claimants were subject to recall during the summer for a workshop; the employer assumed that claimants remained a part of its staff; and the claimants expected to return to the Headstart Program in September. In the present case, there were no summer workshops; the employer, on July 9 when the Tribunal hearing was held, refused to say that any of the claimants would be employed when the new school term began; and there is no evidence that the claimants had more than a hope of employment for the new year.

In *Loftin* the court specifically found that it was clear that a mutual expectation of employment for the new school year was present. We believe the ruling in *Loftin* should be confined to the facts of that case, and we are unable to find "a tie of expectation" between employer and the claimants in this case.

The decision of the Board of Review is reversed, and the

case is remanded to the Board of Review to determine whether the claimants are otherwise eligible for unemployment benefits.

GLAZE, J., would award benefits.

MAYFIELD, C.J., and CORBIN, J., dissent.