SANYO MANUFACTURING CORPORATION v. Dewey STILES, Director of Labor, et al.

E 84-163 702 S.W.2d 421

Court of Appeals of Arkansas
Division II
Opinion delivered January 22, 1986

*Daggett, Van Dover, Donovan & Cahoon*, by: *Robert J. Donovan*, for appellant.

*Allan Pruitt* and *George R. Wise, Jr.*, for appellee Dewey Stiles, Director of Labor.

*Youngdahl, Youngdahl & Wright, P.A.*, by: *Shereen Arent*, for appellees.

LAWSON CLONINGER, Judge. This is an appeal by the employer, Sanyo Manufacturing, from a determination of the Arkansas Board of Review that thirteen claimants are eligible for unemployment benefits. All of the thirteen claimants were placed on temporary layoff by appellant when they were medically restricted from performing their duties at work. All of the claimants' restrictions were for specific duties, and they were physically able to perform other duties. The claimants testified that they hoped to be recalled by Sanyo when jobs that they were able to perform became available. Appellant argues, first, that since appellees planned to return to work at Sanyo, they were not available for work as required by Ark. Stat. Ann. § 81-1105(c) (Repl. 1976). Appellant also argues that the Arkansas Appeal Tribunal erred by not giving it the right to cross-examine the doctors who wrote the medical restrictions for the claimants. We disagree with appellant's arguments and affirm.

In its first argument, appellant relies on the case of *Loftin* v. *Daniels*, 268 Ark. 611, 594 S.W.2d 578 (Ark. App. 1980). In that case we held that in a situation where a claimant and his employer hold a mutual expectation that the claimant will return to his job, then he is not eligible for unemployment benefits. Appellant argues that a mutual expectation existed here since all of the claimants testified that they did not intend to sever their relationships with appellant, since the claimants' seniority continued to accrue and medical insurance was paid by appellant while they were on layoff, and since all of the claimants had the right to back pay if appellant wrongfully neglected to call them back.

In *Loftin, supra*, the claimants were employees of a Headstart Program and were laid off without pay for the summer recess. A tie of expectation existed because the employees were subject to being called to attend workshops during the summer recess, the employer assumed the claimants were still a part of the staff, and the claimants and the employer expected the employees to return to work on a specific date. This court later decided *Haywood* v. *Everett*, 5 Ark. App. 140, 633 S.W.2d 395 (1982). That case also involved employees of a Headstart Program who

had been laid off for the summer. However, unlike the employees in *Loftin*, these claimants were not expected to attend any summer workshops and the employer refused to say whether the claimants would be able to return at the end of the summer recess. In *Haywood*, we said that the claimants had no more than a hope of employment, and stated that the ruling in *Loftin* should be confined to the facts of that case.

Like the employees in *Haywood*, the claimants in this case had no more than a hope of future employment with appellant. There is no evidence in the record that appellant informed the claimants of when, or if ever, they would be called back to work. All of the claimants testified that they expected or hoped to be called back to work by appellant, but that they had also looked for other work while laid off.

 Statutes are to be construed with reference to the public policy which they are designed to accomplish. The public policy of the Employment Security Act, Ark. Stat. Ann. § 81-1101 *et seq.* (Repl. 1976) is to set aside reserves to be used for the benefit of persons who are unemployed through no fault of their own, *Feagin* v. *Everett*, 9 Ark. App. 59, 652 S.W.2d 839 (1983). There is no indication in the record that these claimants were out of work due to any fault on their part. The evidence supports a finding that they became physically unable to perform their assigned tasks, and that appellant laid them off because there were no jobs available at the time within their abilities.

Appellant next argues that it was denied due process since it did not have an opportunity to confront and cross-examine adverse witnesses at the evidentiary hearings. Appellant argues that since the doctors who signed the work restrictions were not at the hearings, the statements were hearsay and they were denied an opportunity to confront them and cross-examine them.

 There are two requirements which must be met before the admission of hearsay evidence will not violate a party's right to confront and cross-examine adverse witnesses: (1) a party must have an opportunity to know what evidence is being considered; and (2) a party must have the right to a rehearing for the purpose of giving that party the opportunity to subpoena and cross-examine adverse witnesses, *Swan* v. *Stiles*, 16 Ark. App. 27, 696 S.W.2d 765 (1985). In this case appellant knew what

evidence was being considered because it introduced some of the statements itself at the first hearing before the Tribunal. Furthermore, these are the same statements that appellant used when it placed the claimants on restricted layoff and they were placed in the company's records. At the second hearing before the Tribunal appellant objected to the statements being introduced into evidence since they were hearsay; however, appellant did not request either a continuance or a remand in order to subpoena the doctors. *Swan v. Stiles, supra.*

At the hearings, appellant introduced several charts it had drawn up reflecting the increased use of medical restrictions by its employees. Appellant argues that these statistics are evidence of the fact that employees are requesting restrictions in order to avoid undesirable work assignments. We fail to see how this is relevant to the issue under consideration. Appellant urges that the doctor's testimony would have revealed that the claimants' medical restrictions were obtained for the purpose of avoiding less desirable work assignments. Appellant, at the second hearings, had full knowledge of what evidence was being considered and had an opportunity to subpoena witnesses for cross-examination or request a continuance. It did neither.

Affirmed.

CRACRAFT, C.J., and COOPER, J., agree.