

# ARKANSAS COURT OF APPEALS

DIVISION III
No. E-13-67

JOHNNY GRANT

**APPELLANT**

V.

DIRECTOR, DEPARTMENT OF
WORKFORCE SERVICES, and CITY
OF BLYTHEVILLE

**APPELLEES**

Opinion Delivered April 23, 2014

APPEAL FROM THE BOARD OF
REVIEW [NO. 2012-BR-03579]

AFFIRMED

## DAVID M. GLOVER, Judge

In this unemployment case, appellant Johnny Grant appeals the denial of his claim for unemployment benefits based upon the finding that he was discharged from his last work for misconduct in connection with the work. The Appeal Tribunal found that Grant was dismissed for misconduct in connection with the work; the Board of Review denied Grant's application for appeal from the Appeal Tribunal's decision, therefore deeming the Appeal Tribunal's decision to be its decision. Grant now appeals to this court, arguing that there is not substantial evidence to support the conclusion that he was discharged from his last work for misconduct in connection with the work, that the hearing officer failed to develop the record, and that he was denied due process. Based upon our standard of review, we affirm the denial of benefits.

Grant was employed by the City of Blytheville for twenty-seven years as a sanitation worker and employee of the street department. His duties included driving a truck and



performing manual labor.  At the hearing before the Appeal Tribunal, Grant was the only person who testified; the City did not appear.  However, the Appeal Tribunal had before it the City's statement for discharge, which stated that the reason for discharge was because Grant refused to comply with his supervisor's instructions.  Specifically, the statement provided that Grant was told by his supervisor that another employee was going to drive the truck Grant usually drove for the crew; Grant argued with his supervisor that he had always been the driver and that it was not fair the new employee was going to drive the truck; Grant was told that if he did not agree and did not want to be with the new driver he could quit; Grant told his supervisor he would not quit; and Grant was then fired.  At the hearing, Grant disputed this version of events, testifying that he did not tell his supervisor he would not let the new worker drive the truck because the truck did not belong to him.  Grant also testified he did not tell his supervisor it was unfair for the new employee to drive the truck or that he would not go along with a new driver.  Grant said that his supervisor thought he would quit, and when Grant told him that he was not going to quit, the supervisor fired him.  Grant said that a secretary heard the conversation, but he did not ask her to testify for him because he knew she was afraid she would lose her job.

### Standard of Review

On appeal, the Board's findings of fact are reviewed in the light most favorable to the prevailing party, and the Board's decision is reversed only when the findings are not supported by substantial evidence.  *Occhuzzo v. Director*, 2012 Ark. App. 117.  Substantial evidence is such relevant evidence that a reasonable mind might accept as adequate to support a

conclusion. *Smith v. Director*, 2013 Ark. App. 360. Even where there is evidence from which the Board might have reached a different conclusion, our scope of judicial review is limited to a determination of whether the Board could have reasonably reached its decision based on the evidence before it. *Booker v. Director*, 2013 Ark. App. 99. The credibility of witnesses and the weight to be accorded their testimony are matters to be resolved by the Board. *Occhuzzo, supra.*

*Sufficiency of Evidence to Support Denial of Benefits for Misconduct*

A person will be disqualified for unemployment benefits if it is found that he was discharged from his employment on the basis of misconduct in connection with the work. Ark. Code Ann. § 11-10-514(a)(1) (Repl. 2013). For purposes of unemployment compensation, "misconduct" involves (1) disregard for the employer's interest; (2) violation of the employer's rules; (3) disregard of the standards of behavior that the employer has a right to expect of his employees; and (4) disregard of the employee's duties and obligations to his employer. *Booker, supra.* Misconduct requires more than mere inefficiency, unsatisfactory conduct, failure in good performance as the result of inability or incapacity, inadvertencies, ordinary negligence in isolated instances, or good-faith errors in judgment or discretion—there must be an intentional or deliberate violation, a willful or wanton disregard, or carelessness or negligence of such degree or recurrence as to manifest wrongful intent or evil design. *Occhuzzo, supra.* Whether an employee's actions constitute misconduct in connection with the work sufficient to deny unemployment benefits is a question of fact for the Board. *Johnson v. Director*, 84 Ark. App. 349, 141 S.W.3d 1 (2004).

3

Here, the evidence was diametrically opposed. The City's statement was that Grant argued with his supervisor when he was told that a new employee would be driving the truck Grant had driven; Grant denied he did so. While Grant contends in his brief that his supervisor made false, pretextual comments in order to terminate Grant—an older, black employee—there was no evidence presented other than Grant's testimony in support of this argument. The Board is tasked with determining credibility, and, based on the decision in favor of the City, it determined the City's version of events was more credible. Therefore, based on our standard of review, we must hold that substantial evidence supports the misconduct finding.

Grant also mentions in passing that he was not afforded an opportunity to cross-examine his accuser because neither his supervisor nor the City's personnel director were questioned by the hearing officer. He did not raise this issue below, and this court does not consider issues raised for the first time on appeal. *Parham v. Director*, 2013 Ark. App. 362. Furthermore, before the admission of hearsay evidence will not violate a party's right to confront and cross-examine adverse witnesses, a party must have an opportunity to know what evidence is being considered and must have the right to a rehearing for the purpose of giving that party the opportunity to subpoena and cross-examine adverse witnesses. *Sanyo Mfg. Corp. v. Stiles*, 17 Ark. App. 20, 702 S.W.2d 421 (1986). Grant could have subpoenaed these witnesses himself but did not do so; he knew what evidence was being presented, as it was contained in the employer's general discharge statement; and he never requested a remand in order to subpoena his supervisor or the personnel director.

4



*Failure of Hearing Officer to Develop Record and Lack of Due Process*

Grant's last two arguments are that the hearing officer failed to develop the record because no documents were subpoenaed and his personnel file was not considered, and that his due-process rights under the Arkansas Constitution and the Fourteenth Amendment to the United States Constitution were violated because there was no consideration of his twenty-seven-year blemish-free career with the City or the fact that he was not provided step discipline. This court will not consider these arguments because they are being raised for the first time on appeal. *Parham*, *supra*.

Affirmed.

HARRISON and WYNNE, JJ., agree.

*Larry J. Steele PLC*, by: *Larry J. Steele*, for appellant.

*Phyllis A. Edwards*, for appellee.